OPINION
{¶ 1} Dayspring of Miami Valley appeals from the trial court's decision and entry dismissing its administrative appeal for lack of jurisdiction.
 {¶ 2} In its sole assignment of error, Dayspring contends the trial court erred in finding that it had failed to serve the Ohio Department of Health with a copy of its notice of appeal.
 {¶ 3} The present appeal stems from Dayspring's attempt to discharge appellee Nell Shepherd from its long-term care facility. The impetus behind the discharge effort was Shepherd's non-payment of money owed to Dayspring. At Shepherd's request, the matter proceeded to an administrative hearing. After taking evidence, the hearing examiner denied the discharge on November 23, 2004, concluding that Dayspring had been "complicit" in creating the debt and had waived its right to discharge Shepherd. On December 14, 2004, Dayspring filed an administrative appeal pursuant to R.C. § 3721.162 and R.C. § 119.12.
 {¶ 4} On February 7, 2005, the trial court sua sponte dismissed the administrative appeal for lack of jurisdiction. In so doing, the trial court cited R.C. § 3721.162(D)(3), which provides in part: "The appeal shall be filed with the department [of health] and the court within thirty days after the hearing officer's decision is served." The trial court also relied on R.C. § 119.12, which states in part: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court." After reciting the foregoing statutory requirements, the trial court observed that the certificate of service on the notice of appeal reflected service only on Shepherd and her daughter. As a result, the trial court found "no record that the Department of Health has been served notice of this appeal" and dismissed the appeal for lack of jurisdiction.
 {¶ 5} In its assignment of error, Dayspring argues that the trial court erred in dismissing the appeal for lack of service on the Department of Health. Although Dayspring does not dispute that the statutory requirements are jurisdictional, it insists that the record demonstrates compliance with them. For her part, Shepherd has provided us with a pro se statement drafted by her daughter. It asserts only that the debt is being paid.
 {¶ 6} Upon review, we are persuaded by Dayspring's argument that the trial court erred in dismissing the administrative appeal for lack of service on the Department of Health. Although the certificate of service on the notice of appeal does not indicate service on the Department of Health, the first page of the notice of appeal filed with the trial court bears a time stamp reading: "Received, ODH/Personnel 04 Dec 13 AM 11:05." This time stamp constitutes evidence that the notice of appeal properly was filed with the Department of Health as required by R.C. § 3721.162(D)(3) and R.C. § 119.12. Nothing in either statute obligated Dayspring to list the Department of Health in its certificate of service. The statutes simply required Dayspring to file its appeal with the Department of Health, and the time stamp reflects compliance with this requirement. Accordingly, we hereby sustain Dayspring's assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings.
 {¶ 7} Judgment reversed and cause remanded.
Grady, P.J., and Wolff, J., concur.